

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. Wm. J. Lawson
Secretary of State
Austin, Texas

Attention:
Abner L. Lewis

Dear Sir:

Opinion No. O-4917
Re: Whether amendment to charter of
Dallas Railway & Terminal Company should
be submitted to Attorney General's De-
partment for examination and approval,
and amount of filing fee Secretary of
State is authorized to collect for fil-
ing said amendment.

Your request for an opinion on the above stated matter
has been received and carefully considered by this department.
We quote said request as follows:

"We submit to you herein the entire file and
the papers constituting an amendment reducing the
capital stock of the above captioned corporation.
This file is sent to you under Article 6263 of the
Revised Civil Statutes.

"In conference with Mr. Robert B. Hincks, at-
torney for this corporation, he informed me said
corporation is not a railroad corporation, but
operates street railways in the city of Dallas, how-
ever, from the statement of balances which we also
attach hereto it will be observed that they also
operate the Interurban Terminal and designate through-
out the report the operation of railways.

"Please advise this department whether or not
this amendment should properly come before your de-
partment for recommendation in accordance with said
article and if so let us have a certificate of your
action in connection therewith, Second, in either
event will you please advise us the amount of filing
fee the Secretary of State is authorized to collect
in connection with the filing of this instrument."

Article 6263 referred to by you deals only with Articles
of Incorporation of railroad corporations, therefore, since the
statement of Mr. Robert B. Hincks, attorney for Dallas Railway and
Terminal Company, referred to in your letter, as well as the state-
ment of the operations of said company attached thereto, shows
that the Dallas Railway & Terminal Company is not a railroad corpor-
ation but was evidently incorporated under the provisions of

subdivision 21 of Article 1121 of the Revised Civil Statutes of 1911, now subdivision 67 of Article 1302, it is not necessary that said amendment of the charter reducing the capital stock of said corporation should be submitted to this department for examination and approval.

Article 3914 is in part as follows:

"The Secretary of State is authorized and required to charge for the use of the State the following other fees:

"Upon filing each charter, amendment, or supplement thereto of a channel and dock, railroad, magnetic telegraph line, street railway or express corporation, a filing fee of Two Hundred ($200.00) Dollars."

It is the opinion of this department, therefore, that the amount of a filing fee the Secretary of State is authorized to collect in connection with the filing of this amendment is the sum of Two Hundred Dollars ($200.00).

We herewith return to you the file sent to us in connection with your request and trust that this satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett
Jas. W. Bassett, Assistant

APPROVED OCT 27, 1942
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

JWB:mp:wb
Encl.